IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TERRY LEE MARLIN,

    Petitioner,                    No. CIV S-05-2043 DFL JFM P

    vs.

KATHY PROSPER, et al.,

    Respondents.               ORDER

_____/

         Petitioner is a state prisoner proceeding pro se with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On November 18, 2005, petitioner filed a motion to hold these proceedings in abeyance pending exhaustion of state remedies as to additional claims for relief (hereafter "motion to stay").[1] On December 23, 2005, petitioner filed a motion for dismissal of this action without prejudice. On March 6, 2006, petitioner filed a request to withdraw the motion to dismiss and for ruling on the November 18, 2005 motion to stay.[2]

---

[1] Petitioner's motion was not signed by petitioner. Cf. Fed. R. Civ. P. 11; Rule 11, 28 U.S.C. § 2254. However, petitioner's March 6, 2006 request for ruling on the motion to hold proceedings in abeyance is signed by petitioner. Accordingly, the court deems the November 18, 2005 motion signed.

[2] None of these documents have been served on respondents, who initially appeared in this action on December 29, 2005. Petitioner is advised that every document submitted to the court for consideration must be served on respondents. Fed. R. Civ. P. 5; Rule 11, 28 U.S.C.

Good cause appearing, IT IS HEREBY ORDERED that:

1. Petitioner's March 6, 2006 request to withdraw his December 23, 2005 motion for voluntary dismissal is granted;

2. Petitioner's December 23, 2005 motion is withdrawn;

3. The Clerk of the Court is directed to serve a copy of petitioner's November 18, 2005 motion to stay on counsel for respondents;

4. Within twenty-one days from the date of this order respondents shall file and serve a response to petitioner's motion to stay; and

5. Petitioner's reply, if any, shall be filed and served not later than seven days thereafter.

DATED:  March 24, 2006.

_____
UNITED STATES MAGISTRATE JUDGE

12
marl2043.o

---

foll. § 2254.  Petitioner is required to serve all documents in this action conventionally in accordance with the relevant provisions of Fed. R. Civ. P. 5.  See Local Rule 5-135(b).  Since an attorney has filed a document with the court on behalf of respondents, documents submitted by petitioner must be served on that attorney and not on the respondents.  Fed. R. Civ. P. 5(b)(1).  Conventional service is usually accomplished by mailing a copy of the document to the attorney's address of record.  See Fed. R. Civ. P. 5(b)(2)(B).  Petitioner must include with every document filed in this action  a certificate stating the date an accurate copy of the document was mailed to respondents' attorney and the address to which it was mailed.  See Local Rule 5-135(b) and (c).