IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TERRY LEE MARLIN,

    Petitioner,                      No. CIV S-05-2043 DFL JFM P

    vs.

KATHY PROSPER, et al.,

    Respondents.                 FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner is a state prisoner proceeding pro se an in forma pauperis with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the court on petitioner's motion to hold these proceedings in abeyance pending exhaustion of state remedies as to additional claims for relief (hereafter "motion to stay").

        On April 12, 2006, respondents filed a notice of non-opposition to the motion to stay. Respondents' non-opposition was conditioned on petitioner serving on the court " a true and correct copy of any exhaustion petition and related documents promptly upon filing." (Statement of Non-Opposition, filed April 12, 2006, at 1.) Respondents also stated that they might seek to have the stay dissolved <u>nunc pro tunc</u> if petitioner failed to timely exhaust claims or if those claims were "ultimately revealed to be plainly meritless." (<u>Id</u>.)

/////

1

On August 3, 2006, petitioner filed a request for disposition of his motion for stay. In response to that request, on August 16, 2006, respondents filed document withdrawing their conditional non-opposition to the motion and opposing the stay. Respondents' opposition is grounded in petitioner's apparent failure to file an exhaustion petition in the state courts.

It is settled that district courts have discretion in appropriate circumstances to stay federal habeas corpus actions pending exhaustion of state remedies. See Rhines v. Weber, 544 U.S. 269 (2005).[1] In Rhines, the United States Supreme Court held that

> stay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless.

Id. at 277. In addition, the court is required to put "reasonable time limits" on the exhaustion process, and should deny a stay if the petitioner "engages in abuse litigation tactics or intentional delay." Id. at 278.

Petitioner seeks a stay of this action in order to exhaust nonspecific claims of ineffective assistance of counsel against his appellate counsel, Frank G. Prantil. Petitioner provides no information about the reason for his failure to exhaust those claims prior to filing this action, he provides no specific information about the claims he seeks to exhaust, nor has he tendered a copy of any state court petition setting forth those claims. The court is unable, therefore, to assess either whether petitioner had good cause for his failure to exhaust the claims first in state court, or whether those claims are "potentially meritorious." Cf. Rhines, at 278 (holding that "it would likely be an abuse of discretion for a district court to deny a stay if . . .

---

[1] This discretion does not extend to cases where the federal habeas corpus petition contains only unexhausted claims. See Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006). That exception does not apply to the original petition filed in the instant action as all of the claims contained therein have been exhausted in the California Supreme Court.

unexhausted claims are potentially meritorious. . . .") For these reasons, petitioner's motion to stay these proceedings pending exhaustion of state remedies as to additional claims for relief should be denied.

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1. Petitioner's motion to stay these proceedings be denied; and

2. Petitioner be granted thirty days from the date of any order by the district court adopting these findings and recommendations in which to file and serve a traverse to respondents' answer to the petition.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 21, 2007.

/s/ John F. Moulds
UNITED STATES MAGISTRATE JUDGE

12
marl2043.mts

3