IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TERRY LEE MARLIN,

    Petitioner,                   No. CIV S-05-2043 DFL JFM P

    vs.

KATHY PROSPER, et al.,

    Respondents.             <u>ORDER</u>

                              /

        On February 23, 2007, the undersigned issued findings and recommendations recommending that petitioner's motion to hold these proceedings in abeyance pending exhaustion of state remedies as to additional claims for relief be denied. (<u>Id.</u>) Petitioner was advised that the court was unable to assess either whether petitioner had good cause for his failure to exhaust the claims first in state court, or whether those claims are potentially meritorious. (<u>Id.</u> at 2.)

        By order filed April 9, 2007, petitioner was granted an additional sixty days in which to file objections. By order filed May 23, 2007, petitioner's request for an additional 120 days was denied based on petitioner's failure to demonstrate good cause for the extension.

        On June 4, 2007, petitioner filed a third request for an extension of time to file objections. Petitioner now states he should have requested more time in his first request for

1

extension of time. Petitioner contends he has had problems with his legal mail being sent to other institutions and complains he has been on lock-down, without access to phone or the law library. Petitioner again notes that he is awaiting a decision from the commission on judicial performance concerning a complaint he filed about the judge who heard his case. Petitioner alleges the decision will have a "great impact" on his case, but fails to explain how.

Petitioner is cautioned that this court cannot continue to grant him unlimited extensions of time, particularly since the court found no good cause to stay the action while he returns to state court to exhaust state court remedies. Petitioner has not explained how the ruling of the commission on judicial performance relates to the pending findings and recommendations or how his legal mail being forwarded to other institutions has kept petitioner from preparing objections. The court is also aware there are procedures in place to enable petitioner to access the law library during prison lock-downs. However, in an abundance of caution the court will grant petitioner one final, brief, extension of time in which to file objections.

IT IS HEREBY ORDERED that:

1. Petitioner's June 4, 2007 request for an extension of time is partially granted; and

2. Petitioner is granted until July 11, 2007 in which to file said objections. No further extensions of time will be granted.

DATED: June 8, 2007.

_____
UNITED STATES MAGISTRATE JUDGE

/001; marl2043.111c