IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRY LEE MARLIN,<br><br>                  Petitioner,<br><br>     vs.<br><br>KATHY PROSPER, Warden,<br><br>                  Respondent. | No. 2:05-cv-02043-JKS-JFM<br><br>ORDER |

       Petitioner, a state prisoner proceeding *pro se*, has filed this application for a writ of habeas corpus under 28 U.S.C. § 2254.  The matter was referred to a United States Magistrate Judge under 28 U.S.C. § 636(b)(1)(B) and Local General Order No. 262.

       On March 7, 2008, the Magistrate Judge filed Findings and Recommendations, which were served on all parties and which contained notice to all parties that any objections to the Findings and Recommendations were to be filed within twenty days.  Petitioner has filed objections to the Findings and Recommendations.[1]

       Petitioner's objections do not address the findings of the Magistrate Judge.  Distilled to their essence, they do nothing more than reiterate his position regarding the grounds raised in his petition.  Petitioner does not point to any erroneous factual determination made by the Magistrate Judge.  Liberally construing the objections of Petitioner, who is appearing *pro se*, the Court treats the objections as objections to the legal conclusions reached by the Magistrate Judge.

       In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 72-304, this Court has conducted a *de novo* review of this case.  Having carefully reviewed the entire file, with particular attention to those portions relevant or pertinent to the objections raised, the

---

[1] Although the objections were not filed timely and Petitioner has not sought leave to file them late, the Court has nevertheless considered them.

Court finds the Findings and Recommendations to be supported by the record and by proper analysis.

        Objection 1 (Guilt Under California Law).  Petitioner argues that his conviction violates state law, an argument that is beyond the purview of this Court.  It is a fundamental precept of dual federalism that the States possess primary authority for defining and enforcing the criminal law.  *See Engle v. Isaac*, 456 U.S. 107, 128 (1982).  It is also presumed that the state court knew and correctly applied state law.  *See Walton v. Arizona,* 497 U.S. 639, 653 (1990) *overruled on other grounds by Ring v. Arizona*, 536 U.S. 584 (2002); *see also Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (a federal habeas court cannot reexamine a state court's interpretation and application of state law).  Accordingly, the Magistrate Judge did not err in failing to consider those arguments; nor will this Court consider them in its *de novo* review of the Findings and Recommendations.

        Objection 2 (Denial of Due Process).  Petitioner's argument is essentially a somewhat expanded replay of his ineffective assistance of counsel argument.  Specifically, that had counsel conducted an investigation and researched the applicable law, he would have been able to mount a viable defense.  Because counsel did not do this, instead advising Petitioner to enter a plea, Petitioner's plea was involuntary.  As noted by the Magistrate Judge, the California Court of Appeal on direct appeal rejected this claim holding that, even if counsel had investigated the facts and the law as argued by Petitioner, it would not have changed the outcome for the simple reason that what Petitioner was asserting did not constitute a defense under California law.  This Court cannot say that this decision of the California Court of Appeal was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" at the time the state court renders its decision or "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 405–406 (2000); *see Lockyer v. Andrade,* 538 U.S. 63, 70-73 (2003) (explaining this standard).

        Objection 3 (AEDPA Unconstitutional).  Petitioner's argument is foreclosed by the decision of the Ninth Circuit in *Crater v. Galaza,* 491 F.3d 1119, 1124–30 (9th Cir.), *rehearing and hearing en banc denied*, 508 F.3d 1261 (9th Cir. 2007) by which this Court is bound.

Accordingly, IT IS HEREBY ORDERED THAT:

1. The Findings and Recommendations filed March 7, 2008, are adopted in full;
2. Petitioner's application for a writ of habeas corpus is DENIED; and
3. The Clerk of the Court to enter final judgment accordingly.

IT IS FURTHER ORDERED THAT the Court declines to issue a Certificate of Appealability.  28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (a COA should be granted where the applicant has made "a substantial showing of the denial of a constitutional right," *i.e.,* when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further" (internal quotation marks and citations omitted)).  All federal constitutional issues, to the extent they were not procedurally defaulted, were addressed by the California Court of Appeals and deemed addressed by the California Supreme Court on direct appeal, and no reasonable jurist could find that those decisions were "objectively unreasonable."  Any further request for a Certificate of Appealability must be addressed to the Court of Appeals.  *See* Fed. R. App. P. 22(b); Ninth Circuit R. 22-1.

Dated:  April 16, 2008.

                                                s/ James K. Singleton, Jr.
                                                JAMES K. SINGLETON, JR.
                                                United States District Judge